UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS, | No. 2:23-cv-0424 DAD CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SHASTA COUNTY SUPERIOR COURT,[1] | |
| Respondent. | |

Petitioner is proceeding with a writ of habeas corpus under 28 U.S.C. § 2254. This action proceeds on the amended petition filed October 16, 2023.

Petitioner challenges Shasta County convictions and sentences for two counts of criminal threats and one count of child abuse entered November 21, 2018. Petitioner was sentenced to six years in prison for child abuse and concurrent sixteen-month sentences for each count of criminal threats. ECF No. 16-1 at 12. Petitioner spent no time in prison post-sentencing in light of credit awarded for time served. ECF No. 16-2 at 2. Petitioner was placed on parole and was discharged

---

[1] The court notes that counsel for respondent asks that the respondent in this action be changed to Derrick Carraway, a parole administrator. Under Rule 2 of the Rules Governing Section 2254 Cases, the proper respondent is a state officer that has custody of the petitioner. However, because petitioner is not in custody or on parole, as explained below, there does not appear to be a proper respondent. Therefore, the respondent will remain as is.

1

from parole on August 18, 2020.  ECF No. 16-3.

Respondent moves to dismiss.  This court can only entertain a petition for writ of habeas corpus under 28 U.S.C. § 2254 if the petitioner is in custody pursuant to the state court judgment challenged.  28 U.S.C. § 2254(a).  When petitioner filed his original petition for writ of habeas corpus in March, 2023, the entirety of his sentence for the convictions at issue here had been served so he was no longer in custody.  This being the case the court cannot entertain the original or amended petition.  Respondent's motion to dismiss should be granted and this case be closed.

The court notes that petitioner sees his convictions as a grave injustice that he should be permitted to challenge under some form of federal action. While the court is sympathetic to petitioner's situation, the purpose of the writ of habeas corpus is to remedy improper custody.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 30, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gibb0424.nc