UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS,<br><br>Petitioner,<br><br>v.<br><br>SHASTA COUNTY SUPERIOR COURT,<br><br>Respondent. | No.  2:23-cv-00424-DAD-CKD (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. Nos. 14, 19) |

Petitioner Robert A. Gibbs is a former county jail inmate proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 30, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 14) be granted due to petitioner's release from custody in 2018 and dischargement from parole in 2020.  (Doc. No. 19 at 1–2.)  As the magistrate judge noted, the purpose of the writ of habeas corpus is to remedy improper custody, meaning that the court cannot entertain petitioner's original or amended petitions, both filed in 2023.  (Doc. Nos. 1, 10.)  Further, as noted in the pending findings and recommendations, the proper respondent to such a petition is a state officer with custody of the petitioner and

/////

1

1   because the petitioner is not in custody or on parole, there is no proper respondent.  (Doc. No. 19
2   at 1.)
3         On June 6, 2024, petitioner filed objections to the pending findings and recommendations.
4   (Doc. No. 22.)  However, those objections do not meaningfully address the deficiencies in his
5   habeas petition identified by the magistrate judge.  In fact, petitioner even acknowledges in his
6   objections that "it might be that [his] instant habeas corpus petition before this court is not the
7   correct form to challenge [his] conviction."  (*Id*. at 4.)  However, he asks the court regardless to
8   "aid [him] in any way possible to find an avenue for relief" from the convictions he suffered.  (*Id*.
9   at 10.)  Recognizing that petitioner has expressed frustration with his convictions and the
10  treatment he allegedly received in jail, as outlined in his amended writ and objections, the law
11  requires that the pending motion to dismiss be granted.
12        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
13  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
14  pending findings and recommendations are supported by the record and proper analysis.
15        Having concluded that the pending petition must be dismissed, the court also declines to
16  issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute
17  right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
18  *Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may
19  only issue a certificate of appealability when a petitioner makes a substantial showing of the
20  denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas
21  relief on procedural grounds without reaching the underlying constitutional claims, the court
22  should issue a certificate of appealability "if jurists of reason would find it debatable whether the
23  petition states a valid claim of the denial of a constitutional right and that jurists of reason would
24  find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*
25  *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists
26  would not find the court's determination that the pending petition must be dismissed to be
27  debatable or wrong.  Thus, the court declines to issue a certificate of appealability.
28  /////

Accordingly,

1. The findings and recommendations issued on April 30, 2024 (Doc. No. 19) are adopted in full;
2. Respondent's motion to dismiss the amended petition (Doc. No. 14) is granted;
3. The operative petition for writ of habeas corpus (Doc. No. 10) is dismissed;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 14, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE